IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| LIZZIE DAVIS, PAMELA DAVIS, DENNIS GREEN, JOHNNY MOODY, JOHN SUBER, and SHIRLEY WILLIAMS, Individually and on Behalf of all Others Similarly Situated, <br><br>        Plaintiffs, <br><br> v. <br><br> OASIS LEGAL FINANCE OPERATING COMPANY, LLC; OASIS LEGAL FINANCE, LLC; OASIS LEGAL FINANCE HOLDING COMPANY, LLC; and THL CREDIT, INC., <br><br>        Defendants. | CASE NO.: _____ <br><br> (Removed from Superior Court of Laurens County, Georgia, Case No. 2017-CG-0061-JG) |

**NOTICE OF REMOVAL**

Defendants, OASIS LEGAL FINANCE OPERATING COMPANY, LLC, OASIS LEGAL FINANCE COMPANY, LLC, and OASIS LEGAL FINANCE HOLDING COMPANY, LLC, by and through their attorneys, Barnes & Thornburg LLP, hereby remove this action from the Superior Court of Laurens County, State of Georgia, to the United States District Court for the Southern District of Georgia, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, and, in support thereof, state as follows:

**PLEADINGS AND PROCEEDINGS TO DATE**

1.      On February 2, 2017, Lizzie Davis, Pamela Davis, Dennis Green, John Moody, John Suber, and Shirley Williams (collectively "Plaintiffs"), filed their Class Action Complaint (the "Complaint"), incorrectly naming as defendant Oasis Legal Operating Company, LLC d/b/a Oasis Financial ("Oasis Operating").  A copy of the Complaint is attached as **Exhibit 1**.

1

2.     On February 17, 2017, Oasis Operating was served with the Summons and Complaint in the above-captioned action.

3.     Plaintiffs allege that they and other putative class members entered into agreements with "Oasis" under which "Oasis" made "loans or advances" to Plaintiffs, which were "to be repaid at a future date with interest" (the "Agreements").  Compl., Ex. 1, ¶ 57.  Plaintiffs claim that the Agreements are void *ab initio* because they are illegal under Georgia law.  *Id.* at ¶¶ 45, 50.  Plaintiffs seek declarations that the Agreements are void, that the advances, "including all interests and fees," "must be waived or paid back by" "Oasis," in addition to treble damages and other damages allowed by law for "Oasis's" alleged usurious conduct.  *Id.* at ¶¶ 45-46, 50, 53.

4.     Oasis Operating, however, does not do business as Oasis Financial and is not a party to any of the Agreements, as claimed in the Complaint.  Rather, Oasis Legal Finance, LLC ("Oasis Financial"), a separate, distinct company of which Oasis Operating is the sole member, does business as Oasis Financial and is the only party that entered into the Agreements with Plaintiffs.  Declaration of David Winkiel ("Winkiel Decl."), attached as **Exhibit 2**, ¶ 3.  On March 1, 2017, Defendants' counsel notified Plaintiffs' counsel that they had named the wrong Defendant, and Defendants' counsel agreed to a consent order naming Oasis Financial as a Defendant.  *See* March 1-3, 2017 email chain, attached as **Exhibit 3**.  Plaintiffs subsequently filed a Consent Motion on March 3, 2017, to add Oasis Financial as a Defendant.  *See* Oasis Financial Consent Motion, attached as **Exhibit 4**.

5.     Rather than dismiss Oasis Operating as a party, however, Plaintiffs then filed another motion to add Oasis Legal Finance Holding Company, LLC ("Oasis Holding"), and unrelated entity, THL Credit, Inc., as Defendants in the Lawsuit.  *See* Oasis Holding Consent

Motion, attached as **Exhibit 5**. Oasis Holding is the holding company that wholly owns Oasis Operating and is separate and distinct from both Oasis Operating and Oasis Financial. Declaration of Richard Smolen ("Smolen Decl."), attached as **Exhibit 6**, ¶¶ 2-4. It is not a party to the Georgia Agreements. Winkiel Decl., Ex. 2, ¶ 3. Accordingly, Oasis Operating and Oasis Holding are concurrently filing a Motion to Dismiss for failure to state a claim against them.

6. After the state court granted plaintiffs' motions, on March 30, 2017, Plaintiffs filed their First Amended and Recast Class Action Complaint ("Amended Complaint"), which named Oasis Financial, Oasis Holding, and THL Credit, Inc., as additional Defendants. The Amended Complaint is styled *Lizzie Davis, Pamela Davis, Dennis Green, John Moody, John Suber, and Shirley Williams, Individually, and on Behalf of all Others similarly situated, v. Oasis Legal Finance Operating Company, LLC, Oasis Legal Finance, LLC, Oasis Legal Finance Holding Company, LLC, and THL Credit, Inc.* (the "Lawsuit"). A copy of the Amended Complaint ("FAC") is attached as **Exhibit 7**.

7. Counsel for Oasis Financial and Oasis Holding accepted service of the Amended Complaint on their behalf on March 31, 2017. *See* Acknowledgment of Service, attached as **Exhibit 8**.

8. Without prejudice to Oasis Operating and Oasis Holding's Motion to Dismiss, Defendants will also proceed with this Notice of Removal. Oasis Operating, Oasis Financial, and Oasis Holding will collectively be referred to as "Oasis" herein.

9. The United States District Court for the Southern District of Georgia includes Laurens County, which is where the Complaint was filed.

## THIS COURT HAS DIVERSITY JURISDICTION AND ORIGINAL JURISDICTION UNDER CAFA

10. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), and this Lawsuit may be removed pursuant to 28 U.S.C. §§ 1441 and 1446, because the amount in controversy exceeds $75,000, exclusive of interests and costs, and there is complete diversity of citizenship among the parties.

11. This Court also has original jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), Pub. L. No. 109-2 (enacted Feb. 18, 20115) (codified at 28 U.S.C. §§ 1332(d)(2) and 1453). Accordingly, this Lawsuit may be removed pursuant to 28 U.S.C. §§ 1441 and 1446.

12. Pursuant to the CAFA, federal district courts have original jurisdiction over a class action if: (1) it involves 100 or more potential class members; (2) any class member is a citizen of a state different from any defendants; and (3) the aggregate amount in controversy exceeds $5,000,000.00, exclusive of costs and interest. *See* 28 U.S.C. §§ 1332(d)(2), (d)(6), and (d)(11)(B)(i). This putative class action Lawsuit satisfies all three jurisdictional requirements under CAFA.

13. Removal is proper under 28 U.S.C. § 1441(a) because a district court of the United States would have had original jurisdiction over this civil action on the basis of CAFA, 28 U.S.C. § 1332(d)(2), had the Complaint originally been brought in federal court.

### A. The Putative Class Size Exceeds 100 Members.

14. Plaintiffs' proposed putative class is defined as "[a]ll individuals and/or entities who are citizens and residents of Georgia who received monetary loans, advances, or similar funding with a principal amount below $3,000.00 from Defendant Oasis to be repaid at a later date along with interest and loan fees." FAC, Ex. 7, ¶ 77.

15. Plaintiffs do not identify a class period, but rather seek to include *anyone* who is a citizen or resident of Georgia and at *any time* entered into this type of agreement. In the six years prior to the filing of the Complaint, Oasis Financial entered into Georgia Agreements with more than 100 individuals, satisfying the class-size requirement. Winkiel Decl., Ex. 2, at ¶ 2. Moreover, Plaintiffs assert in their Complaint that "Oasis Financial" "has issued *thousands* of loans or advances of less than $3,000.00 to Georgia residents." FAC, Ex. 7, ¶ 72 (emphasis added). Thus, Plaintiffs also recognize that the class size requirement is met.

### B. There Is Sufficient Diversity of Citizenship.

16. Plaintiffs initiated the above-captioned suit in Georgia state court and allege that they are residents of Laurens County, Georgia, Chatham County, Georgia, Jeff Davis County, Georgia, and Lowndes County, Georgia. Compl., Ex. A, ¶¶ 1-5. Therefore, on information and belief, Plaintiffs are citizens of Georgia.

17. Oasis Financial is, and at the time Plaintiffs served the Amended Complaint was, a limited liability company incorporated in Delaware with its principal place of business in Illinois. Smolen Decl., attached as **Exhibit 6**, at ¶ 2. The sole member of Oasis Financial is Oasis Operating, which is, and at the time Plaintiffs served the Complaint was, a Delaware limited liability company with its principal place of business in Illinois. *See id.* at ¶ 3. The sole member of Oasis Operating is Oasis Holding, which is, and at the time Plaintiffs served the

5

Amended Complaint was, a Delaware limited liability company with its principal place of business in Illinois. *See id.* at ¶ 4. Oasis Holding is owned, directly or indirectly, by individual members who are citizens of Illinois and a series of affiliated Delaware limited partnerships and limited liability companies, none of whose members or partners are citizens of the state of Georgia. *See id.* at ¶¶ 5-10. Thus, pursuant to 28 U.S.C. § 1332(c)(1), neither Oasis Financial, Oasis Holding, nor Oasis Operating are citizens of Georgia.

18. Thus, this case involves "citizens of different States" because Plaintiffs are citizens of Georgia and Oasis Financial, Oasis Operating, and Oasis Holding are not, satisfying CAFA's minimal diversity requirement.

19. In this case, there is also complete diversity of citizenship. Defendant THL Capital, Inc., is a Delaware corporation with its principal place of business in Massachusetts. FAC, Ex. 7, ¶ 10 Thus, no plaintiff and no defendant are citizens of the same state.

### C. The Minimum Amount in Controversy Requirement Is Satisfied.

20. "The notice of removal may assert the amount in controversy if the initial pleading seeks: (i) nonmonetary relief; or (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." 28 U.S.C. § 1446(c)(2)(A).

21. Where a putative class action complaint fails to plead a specific amount of damages and the Removing Party asserts the amount in controversy, removal is proper if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold. 28 U.S.C. § 1446(c)(2)(B). "A removing defendant may rely on its own affidavits, declarations, or other documentation to establish the amount in controversy." *McGee v. Sentinel Offender Servs., LLC*, 719 F.3d 1236, 1241 (11th Cir. 2013). The

jurisdictional minimum may also be satisfied by claims for attorneys' fees and punitive damages. *See Porter v. MetroPCS Commc'ns Inc.*, 592 Fed. Appx. 780, 783 (11th Cir. 2014).

22. Although Oasis denies that Plaintiffs or any putative class members are entitled to any relief in this Lawsuit, the amount in controversy exceeds $5 million, exclusive of interests and costs.

23. Plaintiffs do not allege a specific amount of damages in their Complaint. Rather, Plaintiffs request a variety of money judgments: (1) in Counts I and II, "an amount three times the amount of interest and fees collected, or attempted to be collected, in addition to the amount of the loan"; (2) in Count III, "damages as allowed by law" for Oasis's alleged "usurious conduct towards Plaintiffs and the class"; and (3) in Count V, "recovery of attorney fees." FAC, Ex. 7, ¶¶ 53, 57, 60, 71.

24. The value of the Agreements that the Plaintiffs and proposed class members ask the Court to declare void exceeds the $5,000,000. Winkiel Decl., Ex. 2, at ¶ 4. Oasis Financial has already collected approximately $21,455,412.44 from the Agreements, and the total amount owed and unpaid on unresolved Georgia Purchase Agreements exceeds $14,126,270.84. *Id.* Thus, CAFA's amount-in-controversy requirement is satisfied. *See McGee*, 719 F.3d at 1241 (finding that defendant probations services company established by a preponderance of the evidence that the amount in controversy was satisfied for removal under CAFA where company's "declaration unequivocally provide[d] the amount of fees collected from the relevant [putative class action plaintiff] probationers").

### D.   The Exceptions to CAFA Do Not Apply.

25. Plaintiffs bear the burden of establishing any applicable exceptions to CAFA jurisdiction. *Hill v. Nat'l Ins. Underwriters, Inc.*, 641 Fed. Appx. 899, 906-07 (11th Cir. 2016)

(vacating order remanding to state class action removed under CAFA for failing to apply the correct legal standard in evaluating CAFA exception).

26. CAFA provides two mandatory exceptions and one discretionary exception to the application of federal jurisdiction. *See* 28 U.S.C. §§ 1332(d)(3)-(4).

27. Each of the CAFA exceptions requires, as a starting point, an in-state defendant. 28 U.S.C. §§ 1332(d)(3)-(4). The "local controversy" exception requires "significant relief" to be sought from an in-state defendant "whose alleged conduct forms a significant basis for the claims asserted by the class." *Id.* at § 1332(d)(4)(A). The "home state" and discretionary exceptions require the "primary defendant" to be an in-state defendant. *Id.* at §§ 1332(d)(3), (4)(B).

28. As described above, neither Oasis Financial, Oasis Operating, Oasis Holding, nor THL Credit, Inc., is an in-state defendant. Thus, none of the CAFA exceptions apply.[1]

**E.     Conclusion**

29. Because the diversity and CAFA jurisdiction requirements are met, and because the exceptions to the Court's exercise of jurisdiction under CAFA do not apply, this case is properly removed.

## THE PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

30. Plaintiffs initiated this case in the Superior Court of Laurens County, Georgia. Thus, venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(b) because the United States District Court for the Southern District of Georgia embraces the place where the Amended Complaint was originally filed.

---

[1] The CAFA exceptions do not apply for other reasons as well. Oasis reserves its right to address these issues in detail if Plaintiffs file a motion to remand this case to state court.

31. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because Oasis Financial and Oasis Holding are filing within thirty (30) days of being served with the Amended Complaint on March 31, 2017.

32. Attached as **Exhibit 9** is a copy of "all process, pleadings and orders" in this matter received by Oasis as of April 28, 2017.

33. Oasis will promptly file a copy of this Notice of Removal with the Superior Court of Laurens County, Georgia, and will promptly serve notice of same on counsel for Plaintiffs in accordance with 28 U.S.C. § 1446(d).

34. Under 28 U.S.C. § 1453(b), a class action "may be removed by any defendant without the consent of all defendants." THL Credit, Inc., consents to removal. *See* Consent to Removal, attached as **Exhibit 10**.

WHEREFORE, Defendants Oasis Legal Finance Operating Company, LLC, Oasis Legal Finance, LLC, and Oasis Legal Finance Holding Company, LLC, respectfully request that this Court assume jurisdiction over this action as if Plaintiffs had originally commenced the same with this Court.

Dated: April 28, 2017                                      Respectfully submitted,

*/s/ Abby Vineyard*
Abby Vineyard
Georgia Bar No. 570288
Barnes & Thornburg LLP
3475 Piedmont Road, N.E., Suite 1700
Atlanta, Georgia 30305
Telephone: (404) 264-4085
Facsimile: (404) 265-4033
E-mail: abby.vineyard@btlaw.com

William M. McErlean
Illinois Bar No. 3122871

        Christine Skoczylas
        Illinois Bar No. 6293811
        Barnes & Thornburg LLP
        One North Wacker Drive, Suite 4400
        Chicago, Illinois 60606
        Telephone: (312) 357-1313
        Facsimile: (312) 759-5646
        E-mail: william.mcerlean@btlaw.com
             christine.skoczylas@btlaw.com
        *Pro Hac Vice* Applications Forthcoming

        *Attorneys for Defendants Oasis Legal Finance Operating Company, LLC, Oasis Legal Finance, LLC, and Oasis Legal Finance Holding Company, LLC*

## CERTIFICATE OF SERVICE

I certify that on the 28th day of April, 2017, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

Robert Bartley Turner, Esq.
Savage, Turner, Pinckney & Savage
P.O. Box 10600
Savannah, Georgia 31412
bturner@savagelawfirm.net
*Attorney for Plaintiffs*

Jeremy S. McKenzie, Esq.
C. Dorian Britt. Esq.
Karsman, McKenzie & Hart
21 West Park Avenue
Savannah, Georgia 31401
jeremy@kmtrial.com
dorian@kmtrial.com
*Attorneys for Plaintiffs*

Timothy Mungovan, Esq.
Proskauer Rose LLP
One International Place
Boston, Massachusetts 02110
tmungovan@proskauer.com
*Attorney for THL Credit, Inc.*

                                           */s/ Abby Vineyard*
                                           Abby Vineyard
                                           Georgia Bar No. 570288

                                           *Attorney for Oasis Defendants*

DMS 4801659v3