IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| LIZZIE DAVIS, PAMELA DAVIS, DENNIS GREEN, JOHNNY MOODY, JOHN SUBER, and SHIRLEY WILLIAMS, Individually and on Behalf of all Others Similarly Situated,<br><br>    Plaintiffs,<br><br>    vs.<br><br>OASIS LEGAL FINANCE OPERATING COMPANY, LLC, OASIS LEGAL FINANCE, LLC, and OASIS LEGAL FINANCE HOLDING COMPANY, LLC,<br><br>    Defendants. | CIVIL ACTION NO.<br>CV 317-022 |

## O R D E R

Presently before the Court is a motion to dismiss filed by Defendants Oasis Legal Finance Operating Company, LLC ("Oasis Operating"), Oasis Legal Finance, LLC ("Oasis Finance"), and Oasis Legal Finance Holding Company, LLC ("Oasis Holding"), which attacks the sufficiency of the allegations against them under Federal Rule of Civil Procedure 12(b)(6).[1] Defendants also move to strike the class allegations of the complaint. The motion has been fully briefed and is ripe for consideration.

---

[1] Defendants Oasis Operating and Oasis Holding have filed a separate motion to dismiss the basis of which is their claim that they have no connection to the transactions at issue in this case. (See Doc. No. 10.) The Court will address that motion in a separate order.

## I. BACKGROUND

Plaintiffs filed this putative class action on February 2, 2017, in the Superior Court of Laurens County, Georgia. Plaintiffs are personal injury plaintiffs in the State of Georgia. Plaintiffs have entered into loan agreements ("Purchase Agreements") with Oasis,[2] often in amounts of $3,000 or less, in exchange for repayment through any recovery from their respective personal injury claims.[3] Plaintiffs claim the Purchase Agreements are usurious and illegal. Plaintiffs filed the operative complaint in this case, the First Amended and Recast Class Action Complaint ("FAC"), in state court on March 30, 2017. (See Ex. 7 to Notice of Removal, Doc. 1-7.) The case was thereafter removed to this Court on April 28, 2017.

The FAC asserts the following causes of action: (1) the Purchase Agreements violate the Georgia Payday Lending Act ("PLA"), O.C.G.A. § 16-17-1 et seq. ("Count I"); (2) the

---

[2] For purposes of this Order, and because the identity of the "lending entity" will be discussed further by separate order, the Court will refer to the lender as "Oasis," collectively referring to all three defendants. The use of the term Oasis, however, is not a finding that any one or all three of the entities are party to the Purchase Agreements or are liable under the applicable statutes.

The Purchase Agreements are attached as Exhibits B through G to the First Amended Complaint, which in turn appears as Exhibit 7 to the Notice of Removal, Doc. No. 1-7.

[3] The amount owed to Oasis upon recovery is on a graduating basis dependent upon the time it takes for resolution of the personal injury claim plus certain fees. If a plaintiff recovers nothing through his personal injury claims, he has no obligation to repay Oasis.

Purchase Agreements violate the Georgia Industrial Loan Act ("GILA"), O.C.G.A. § 7-3-1 *et seq.* (Count II); and (3) the Purchase Agreements are usurious, in violation of O.C.G.A. § 7-4-18. In addition to compensatory and statutory damages, Plaintiffs also seek attorney's fees and litigation expenses under O.C.G.A. § 13-6-11.

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) does not test whether the plaintiff will ultimately prevail on the merits of the case. Rather, it tests the legal sufficiency of the complaint. Scheur v. Rhodes, 416 U.S. 232, 236 (1974). Therefore, the court must accept as true all facts alleged in the complaint and construe all reasonable inferences in the light most favorable to the plaintiff. See Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002). The court, however, need not accept the complaint's legal conclusions as true, only its well-pled facts. Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009).

A complaint also must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plaintiff is required to plead "factual content that allows the court to draw the reasonable

3

inference that the defendant is liable for the misconduct alleged." Id. Although there is no probability requirement at the pleading stage, "something beyond . . . mere possibility . . . must be alleged." Twombly, 550 U.S. at 556-57 (citing Durma Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005)). When, however, on the basis of a dispositive issue of law, no construction of the factual allegations of the complaint will support the cause of action, dismissal of the complaint is appropriate. See Executive 100, Inc. v. Martin Cnty., 922 F.2d 1536, 1539 (11th Cir. 1991).

## III. LEGAL ANALYSIS

Through the motion to dismiss, Oasis contends that Plaintiffs breached the express terms of the Purchase Agreements by not filing this action in the Circuit Court of Cook County, Illinois. Alternatively, Oasis seeks dismissal under the doctrine of *forum non conveniens*. Oasis contends that Count III (the usury claim) should be dismissed because Georgia's usury laws provide no private right of action. Oasis seeks to strike the class allegations based upon an alleged waiver in the Purchase Agreements. Oasis also argues that class claims are not cognizable under the GILA. Finally, Oasis raises the statute of limitation with respect to Counts II and III.

A. The Forum

The Purchase Agreements contain a choice-of-law provision providing that the contracts will be "governed, construed and enforced in accordance with the laws of the State of Georgia." (<u>See, e.g.</u>, FAC, Ex. B, Nonrecourse Purchase Agreement with Plaintiff Lizzie Davis, ¶ 6.5, Doc. 1-7.) The Purchase Agreements also provide the following forum-selection clause:

> The parties hereby irrevocably and unconditionally consent to submit to the exclusive jurisdiction of the Circuit Court of Cook County, Illinois for any disputes, claims, or other proceedings arising out of or relating to this Purchase Agreement, or the relationships that result from this Purchase Agreement, and agree not to commence any such lawsuit, dispute, claim or other proceeding except in the Circuit Court of Cook County, Illinois. The parties hereby irrevocably and unconditionally waive any objection to the laying of venue of any lawsuit, dispute, claim or other proceeding arising out of or relating to this Purchase Agreement, or the relationships that result from this Purchase Agreement, in the Circuit Court of Cook County, Illinois, and hereby further irrevocably and unconditionally waive and agree not to plead or claim in the Circuit Court of Cook County, Illinois that any such lawsuit, dispute, claim or proceeding brought in the Circuit Court of Cook County, Illinois has been brought in an inconvenient forum.

(<u>Id.</u>) On the strength of this forum-selection clause, Oasis moves to dismiss Plaintiffs' FAC in its entirety.

In <u>Atlantic Marine Constr. Co. v. U.S. Dist. Ct. for Western Dist. of Tex.</u>, --- U.S. ---, 134 S. Ct. 568 (2013), the Supreme Court held that a forum-selection clause could not be enforced by a motion to dismiss under 28 U.S.C. § 1406(a)

or Federal Rule of Civil Procedure 12(b)(3), but instead through a motion to transfer venue under 28 U.S.C. § 1404(a). Id. at 578-80. However, this is only applicable to forum-selection clauses that opt for another federal venue. See 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ."). The Supreme Court briefly discussed the proper basis to enforce a valid forum-selection clause that chooses a nonfederal venue and stated that it could be enforced under the doctrine of *forum non conveniens*. Atlantic Marine, 134 S. Ct. at 580. The Court, however, did not rule out the possibility of using Rule 12(b)(6) as an enforcement mechanism. Id.

No matter the procedural mechanism employed to enforce a valid forum-selection clause, the inquiry presupposes a _valid_ forum-selection clause in the first instance. In this case, Plaintiffs urge that the subject forum-selection clause is not valid. The validity of a forum-selection clause is determined by applying the test articulated in M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972), cited in Kostelac v. Allianz Global Corp. & Specialty AG, 517 F. App'x 670, 674-75 (11th

Cir. 2013).[4]

The Bremen analysis starts with the proposition that a mandatory forum-selection clause is prima facie valid unless it can be shown to be unreasonable under the circumstances of the case. 407 U.S. at 10. Pertinent here, the Bremen Court held that a forum-selection clause will be enforced unless enforcement would "contravene a strong public policy of the forum in which suit is brought." Id. at 15; see also Kostelac, 517 F. App'x at 675; Lipcon v. Underwriters at Lloyd's, London, 148 F.3d 1285, 1290 (11th Cir. 1998).

---

[4] Plaintiffs urge the application of the Erie doctrine and its progeny to determine that Georgia law, not federal law, governs this dispute. See Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938), cited in Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 427 (1996) ("[F]ederal courts sitting in diversity apply state substantive law and federal procedural law."). Oasis responds that federal law definitively governs the enforceablity of forum-selection clauses. Yet, the cases cited by Oasis for this proposition involved consideration of a federal forum-selection clause under 28 U.S.C. § 1404(a), a federal statute on point. See Esfeld v. Costa Crociere, S.P.A., 289 F.3d 1300, 1307 (11th Cir. 2002) ("If a federal statute or rule of procedure is on point, the district court is to apply federal rather than state law." (cited source omitted)).

This Court need not delve into the applicability of Erie, however, because if no conflict exists between state and federal law with respect to the disputed issue, "then the [Erie] analysis need proceed no further, for the court can apply state and federal law harmoniously to the issue at hand." Id. at 1306-07. Here, there is no conflict between Georgia and federal law regarding the validity of forum-selection clauses. Under federal law, courts look to the analysis in M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972), to evaluate the enforceability of forum-selection clauses when the clause requires filing in state court. See Rucker v. Oasis Legal Finance, LLC, 632 F.3d 1231, 1236 (11th Cir. 2011) (cited cases omitted). Georgia courts employ the same analysis. See Iero v. Mohawk Finishing Products, Inc., 534 S.E.2d 136, 137-38 (Ga. Ct. App. 2000) (stating that Georgia has adopted the Bremen analysis regarding the enforcement of forum-selection clauses (cited source omitted)); accord Houseboat Store v. Chris-Craft Corp., 692 S.E.2d 61, 63 (Ga. Ct. App. 2010). Thus, this Court can apply both federal law and Georgia law harmoniously to decide the validity of the forum-selection clause in this case. Accord Rucker, 632 F.3d at 1236 (making a similar determination with respect to Alabama law).

Plaintiffs assert that the forum-selection clause contravenes public policy as stated in the Payday Lending Act. More specifically, in enacting the PLA, the General Assembly of Georgia made the following legislative finding: "Certain payday lenders have attempted to use forum selection clauses contained in payday loan documents in order <u>to avoid the courts of the State of Georgia</u>, and <u>the General Assembly has determined that such practices are unconscionable and should be prohibited</u>." O.C.G.A. § 16-17-1(d) (emphasis added). Clearly, the enforcement of forum-selections clauses in payday lending contracts would contravene the public policy of the State of Georgia.

In response, Oasis seeks to save the use of forum-selection clauses in its contracts by pointing to the following provision in the PLA:

> A payday lender shall not include in any loan contract made with a resident of this state any provision by which the laws of the state other than Georgia shall govern the terms and enforcement of the contract, nor shall the loan contract designate a court for the resolution of disputes concerning the contract other than a court of competent jurisdiction <u>in and for the **county** in which the borrower resides or the loan office is located</u>.

O.C.G.A. § 16-17-2(c)(1) (emphasis added). Oasis contends its forum-selection clauses are enforceable because its loan office is located in its chosen forum: Cook County, Illinois. This is a venue provision, however, that dictates the "county"

in which a suit may be brought in contemplation that a PLA claim will be brought only within the State of Georgia given the unequivocal pronouncement against out-of-state forum-selection clauses. In other words, this venue provision does not revive an invalid out-of-state forum-selection clause because it chooses a forum where an office of the lender is located. Simply put, forum-selection clauses in payday lending contracts contravene an expressly stated public policy against their use; thus, the forum-selection clauses in this case are invalid and will not be enforced.[5]

B.   Usury Claim

Oasis contends that Plaintiffs' usury claim (Count III) should be dismissed because Georgia's usury laws provide no private right of action. In Count III, Plaintiffs allege that Oasis violated O.C.G.A. § 7-4-18 by charging "an effective interest rate in excess of 100%" for the "loans and advances" it made pursuant to the Agreements. (FAC, ¶¶ 58-59.)

Section 7-4-18 is a subsection of the "Interest and Usury" Chapter of the Banking and Finance Title of the Georgia Code. Section 7-4-18 makes it a misdemeanor to charge more than 5% interest per month on a loan or advance. As explained by the Georgia Supreme Court in Wall v. Lewis, 16 S.E.2d 430

---

[5] The Court need not discuss further the alternative ground to dismiss the case based upon the doctrine of *forum non conveniens*.

(Ga. 1941), § 7-4-18 enhanced the existing forfeiture remedy "by adding the criminal penalty of misdemeanor" when the interest rate was particularly usurious. Id. at 431, cited in Anthony v. Am. Gen. Fin. Servs., Inc., 697 S.E.2d 166, 174 (Ga. 2010).

Plaintiffs do not cite any other provision of the "Interest and Usury" Chapter in Count III aside from this penal statute. Courts should not imply a private cause of action from a penal statute. See Anthony, 697 S.E.2d at 174; see also Somerville v. White, 787 S.E.2d 350, 352 (Ga. Ct. App. 2016) (explaining that "civil liability may only be authorized under a penal statute when the General Assembly has *expressly provided* for a private right of action in the textual provisions of that statute" (emphasis in original)). Moreover, Section 7-4-19 of the Interest and Usury Chapter, entitled "Civil action to enforce chapter," authorizes the Department of Banking and Finance and the Industrial Loan Commissioner to "bring an appropriate civil action" to enforce any provision of the Chapter. The statute does not create a private right of action.

Importantly, the Georgia Supreme Court has expressly rejected the notion that § 7-4-18 gives rise to an implied civil cause of action to recover excess interest paid in Anthony v. Am. Gen. Fin. Servs., Inc., 697 S.E.2d at 173-74.

Therein, the court held that "the purpose of the criminal usury statute was not to alter the existing civil forfeiture provisions by creating a new cause of action for the forfeiture of all principal and interest . . . ." Id. at 174. Instead, "the purpose of enacting both the civil forfeiture and criminal penalty provisions of the usury statutes 'was to provide generally for the forfeiture of all interest which exceeded 8 per cent per annum . . . and [to provide] that, when such charge of interest exceeded more than 5 per cent per month, it became a criminal offense.'" Id. (quoting Wall v. Lewis, 16 S.E.2d at 431).[6]

Upon the foregoing, the Court concludes that O.C.G.A. § 7-4-18 does not confer a private right of action upon Plaintiffs, and therefore, Count III for Usury is dismissed.

C. Class Action Allegations

Oasis seeks to strike the class action allegations of the FAC based upon a class action waiver in the Purchase Agreements. The waiver states: "The parties hereby waive . . . any right to consolidate or to have handled as a class action any proceeding on any lawsuit, dispute, claim, or

---

[6] Of note, this holding is not at odds with the case cited by Plaintiffs: First Alliance Bank v. Westover, Inc., 474 S.E.2d 717 (Ga. Ct. App. 1996). First Alliance did not address whether § 7-4-18 confers a private right of action, but rather holds that in a "civil context, a lender who has violated the criminal usury statute" forfeits its right to interest associated with the loan. Id. at 719.

controversy with any proceeding on any lawsuits, disputes, claims, or controversies involving any person or entity not a party to this agreement." (See, e.g., FAC, Ex. B, Nonrecourse Purchase Agreement with Plaintiff Lizzie Davis, ¶ 6.6, Doc. 1-7.)

The PLA contains a provision that "[a] civil action . . . may be brought on behalf of an individual borrower or on behalf of an ascertainable class of borrowers." O.C.G.A. § 16-17-3. Similarly, the GILA provides that "[a] claim for violation of this chapter against an unlicensed lender may be asserted in a class action . . . ." O.C.G.A. § 7-3-29(e). Thus, the Georgia legislature has expressly contemplated a specific remedy-class action-for persons aggrieved by predatory lending. This remedy corrects an obvious defect in the prosecution of these types of cases, i.e. accessibility to the court system. That is, without the possibility of a class action, a plaintiff with a claim as small as the individual loan transactions at issue in PLA and GILA cases cannot afford to litigate singly. As a remedial measure, the authority to file a class action suit under the PLA and the GILA should be granted a reasonable construction to effectuate the salutary purpose of consumer protections statutes. Certainly, the Georgia legislature did not expressly create the class action remedy so that predatory lenders could effectively wipe away

this consumer protection with a waiver in a single paragraph of a six-page, single-spaced agreement.

In order to preserve the salutary purpose of the PLA and the GILA, this Court will not ignore clear legislative intent to provide a particular remedy to the borrowing consumer. The class action waivers in the Purchase Agreements are not lawful and are therefore not enforceable.[7] Accordingly, the class allegations of the FAC will not be struck.

### D. Statute of Limitation

Oasis argues that Plaintiffs' claims under the Georgia Industrial Lending Act ("GILA"), Count II, are subject to the one-year statute of limitation located in Georgia's usury statute, O.C.G.A. § 7-4-10(d), therefore, any claim arising from a Purchase Agreement executed prior to February 2, 2016, which is one year before the filing of the original complaint, is time-barred.[8] If applicable then, all of Plaintiffs' claims (except a couple of loan transactions between Oasis and Plaintiff John Suber) are time-barred because Plaintiffs entered into their Purchase Agreements with Oasis prior to

---

[7] The Court is aware of the Eleventh Circuit reversal of its decision in Jenkins v. First Am. Cash Advance of Ga., LLC, 313 F. Supp. 2d 1370 (S.D. Ga. 2003), in which arbitration provisions were found unconscionable because they contained class action waivers. While this case may create a substantial ground for difference of opinion, the Court finds it inapposite because this case does not involve the enforcement of a contract under the Federal Arbitration Act, which "creates a strong federal policy in favor of arbitration." See Picard v. Credit Solutions, Inc., 564 F.3d 1249, 1253 (11th Cir. 2009).

[8] The GILA does not provide its own statute of limitation.

February 2, 2016.[9] (See generally FAC, Exs. B-G.)

Plaintiffs respond, and the Court agrees, that the statute of limitation for a GILA claim is not one year. In making its argument, Oasis essentially grafts the one-year statute of limitation in the usury statute into the GILA. Oasis's argument is premised upon its supposition that the GILA is a codification of Georgia's common law usury. Contrarily, however, Georgia courts have held that the GILA is in derogation of common law. See, e.g., Aetna Fin. Co. v. Brown, 323 S.E.2d 720, 722 (Ga. Ct. App. 1984). Accordingly, with no common law statute of limitation period to apply, the Court is left with O.C.G.A. § 9-3-22, which provides a twenty-year statute of limitation period for enforcement of statutory rights. Cf. W. Sky Fin. LLC v. State of Ga., 793 S.E.2d 357, 374-75 (Ga. 2016) (rejecting a similar argument for the imposition of the one-year statute of limitation in O.C.G.A. § 7-4-10(d) to PLA claims and concluding that "the remedies set forth in the Payday Lending Act are governed by the twenty-year statute of limitation set forth in O.C.G.A. § 9-3-22"). Accordingly, Plaintiffs' remaining claims are not time-barred.

---

[9] Plaintiffs point out that **if** the statute of limitation is one year, the period does not begin to run at the execution of the contract, but rather from the date the usurious payments are made by the borrower. See Doyle v. S. Guar. Corp., 795 F.2d 907, 914 (11th Cir. 1986) (in discussing Georgia's one-year statute of limitation in the usury statute, O.C.G.A. § 7-4-10(d), the court stated that the statute of limitation "bars only actions to affirmatively recover interest paid more than a year before the action was instituted" (emphasis added)). The Court need not reach this issue.

14

## IV. CERTIFICATION FOR INTERLOCUTORY APPEAL

Pursuant to 28 U.S.C. § 1292(b), a district court may certify for interlocutory appeal an order that "involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." The Eleventh Circuit has held that a "controlling question of law" must be purely legal that controls "at least a substantial part of the case." McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1256-59 (11th Cir. 2004). Thus, this Court may certify for immediate review an order disposing of an important question of law, which the Court of Appeals may address, in its discretion, if application is made to it within ten days after entry of the Order.

Here, there is a substantial ground for a difference of opinion on whether the class action waivers in the Purchase Agreements are enforceable. This Court has concluded herein that they are not because the PLA and GILA expressly provide for class actions and those provisions should be reasonably construed to effectuate the salutary purpose of the statutes - to protect consumers and to provide an efficient and effective remedy. Enforcing the class action waivers would directly contravene legislative intent. The Eleventh Circuit, however,

has held that class action waivers in arbitration agreements in the consumer lending context are not unconscionable. See n.7 supra. The issue is a purely legal one, and this Court's ruling controls a substantial aspect of the case-whether the case may proceed as a class action. Accordingly, the Court certifies that Defendants may take an appeal from this interlocutory order.

## V. CONCLUSION

Upon the foregoing, Defendants' "Motion to Dismiss and Motion to Strike Class Allegations" (doc. no. 9) is **GRANTED IN PART and DENIED IN PART**. Count III (Usury) of Plaintiffs' First Amended Complaint is **DISMISSED** and thus, the motion to dismiss is granted in this respect. All other aspects of Defendants' motion to dismiss, including their request to strike the class allegations of the First Amended Complaint are denied.

Discovery in this case has been stayed since June 5, 2017, pending resolution of the two motions to dismiss filed by Defendants. In its Stay Order, the United States Magistrate Judge directed the parties to confer and submit a Rule 26(f) report within seven (7) days of this Court's rulings on the two motions to dismiss. The Court has now ruled upon the issues pertaining to the sufficiency of

Plaintiffs' substantive claims in the case; there is no reason to delay discovery pending resolution of the motion to dismiss addressing the proper party defendant. Accordingly, the parties are hereby directed to submit a Rule 26(f) report pertaining to the remaining claims within ten (10) days hereof.

**ORDER ENTERED** at Augusta, Georgia, this ___15___ day of November, 2017.

_____
UNITED STATES DISTRICT JUDGE