FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2020 JAN 24 PM 3:16
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

```
LIZZIE DAVIS; PAMELA DAVIS;        *
DENNIS GREEN; JOHNNY MOODY; JOHN   *
SUBER; and SHIRLEY WILLIAMS,       *
Individually and on Behalf of      *
all Others Similarly Situated,     *
                                   *
     Plaintiffs,                   *
                                   *
     v.                            *     CV 317-022
                                   *
OASIS LEGAL FINANCE OPERATING      *
COMPANY, LLC; OASIS LEGAL          *
FINANCE, LLC; and OASIS LEGAL      *
FINANCE HOLDING COMPANY, LLC,      *
                                   *
     Defendants.                   *
```

## O R D E R

Plaintiffs in this putative class action have asserted claims under the Georgia Payday Lending Act ("PLA"), O.C.G.A. § 16-17-1 et seq., and the Georgia Industrial Loan Act ("GILA"), O.C.G.A. § 7-3-1 et seq.[1]  Presently before the Court is Defendants' motion for judgment on the pleadings, which relies upon a case decided by the Georgia Supreme Court while this case was on appeal.  Upon review, and with reluctance, the Court must grant the motion and dismiss the case as discussed below.

---

[1] The Court previously dismissed Plaintiffs' claim for usury under O.C.G.A. § 7-4-18. (See Order of Nov. 15, 2017, Doc. No. 38.)

## I. BACKGROUND

Plaintiffs were personal injury plaintiffs in the State of Georgia who had entered into what even this Court has referred to as "loan agreements" with Defendant Oasis.[2] (See Orders of Nov. 15, 2017 & Dec. 12, 2019, Doc. Nos. 38 & 55.) Oasis refers to the subject agreements as "Nonrecourse Purchase Agreements." (See Oasis' Mot. to Dismiss, Doc. No. 9, Exs. 1-6.) For purposes of this Order, the Court will simply refer to the subject agreements as "Agreements." In any event, pursuant to the Agreements, Plaintiffs received money, in amounts of $3000 or less, to pay for personal expenses while they pursued their personal injury claims against third parties. Plaintiffs were obligated to repay the money through any damages recovery from their personal injury claims. The amount owed to Oasis upon recovery was on a graduated basis dependent upon the time it took for resolution of the personal injury claim plus certain fees. If a plaintiff recovered nothing through the personal injury claim, he or she had no obligation to repay Oasis.

The operative complaint in the case is the First Amended and Recast Class Action Complaint filed in state court on March 30, 2017. The First Amended Complaint alleges that the named Plaintiffs repaid Oasis at an annual percentage rate in excess of

---

[2] For ease of reference, the Court collectively refers to all three Defendants as the singular "Oasis."

2

100%. Plaintiffs allege that the Agreements therefore violate the PLA and GILA.

On May 5, 2017, Oasis filed a motion to dismiss the complaint based upon venue, *forum non conveniens*, statute of limitations, and a class action waiver in the Agreements. This Court concluded that the forum selection clause and class action waiver in the Agreements were unenforceable as against Georgia public policy. (See Order of Nov. 15, 2017.) Oasis appealed the decision.

While the appeal was pending before the Eleventh Circuit, the Georgia Supreme Court decided Ruth v. Cherokee Funding, LLC, 820 S.E.2d 704 (Ga. 2018). The Ruth case also involved personal injury plaintiffs who had entered into "financing agreements" with a litigation financing company, Cherokee Funding. Id. at 707. Similar to the case at bar, the Ruth plaintiffs were provided funds for personal expenses, the repayment of which was contingent upon the success of their personal injury lawsuits. Id. The Ruth plaintiffs similarly asserted that the financing agreements violated the Georgia PLA and GILA. Id. at 708.

The Georgia Supreme Court affirmed the dismissal of the Ruth complaint, holding that the financing agreements did not involve "loans" because repayment was contingent upon successful resolution of the plaintiffs' personal injury lawsuits. Id. at 709-10. Thus, the PLA and GILA did not apply to the financing agreements. The Georgia Supreme Court concluded that "[a]n agreement that involves such a contingent and limited obligation

3

of repayment is not a 'contract requiring repayment,' as those words are commonly and ordinarily understood in the context of the law of usury." Id. at 710 (quoted sources omitted).

On August 28, 2019, the Eleventh Circuit affirmed this Court's Order denying Oasis's motion to dismiss and remanded the matter candidly noting "we think the district court got it right." Davis v. Oasis Legal Fin. Operating Co., 936 F.3d 1174, 1180 (11th Cir. 2019). On December 19, 2019, Oasis filed the instant motion for judgment on the pleadings contending that the Ruth case forecloses Plaintiffs' Georgia PLA and GILA claims. Plaintiffs have opposed the motion, arguing that their case may be saved by a Second Amended and Recast Class Action Complaint, which they now seek leave to file.

## II. LEGAL STANDARDS

"After the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss. Carbone v. Cable News Network, Inc., 910 F.3d 1345, 1350 (11th Cir. 2018). "Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." Cunningham v. Dist. Attorney's Office for Escambia Cnty., 592 F.3d 1237, 1255 (11th Cir. 2010) (quoted

4

source omitted). When considering a motion for judgment on the pleadings, the Court must "accept as true all material facts alleged in the non-moving party's pleading, and . . . view those facts in the light most favorable to the non-moving party." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1335 (11th Cir. 2014). When, however, on the basis of a dispositive issue of law, no construction of the factual allegations of the complaint will support the cause of action, dismissal of the complaint is appropriate. See Allen v. USAA Cas. Ins. Co., 790 F.3d 1274, 1278 (11th Cir. 2015) (applying Rule 12(b)(6) standard).

Further, when a party seeks leave of court to amend its pleading, "the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The district court, however, need not "allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001). Here, the parties disagree with respect to whether Plaintiffs' proposed amendment would be futile.

### III. LEGAL ANALYSIS

In response to Oasis's motion for judgment on the pleadings, Plaintiffs do not necessarily disagree that the First Amended Complaint does not state a legally cognizable claim under the

Georgia PLA and GILA after the Ruth decision. Indeed, pursuant to the Agreements entered into by Plaintiffs in this case, each Plaintiff's obligation to repay the money received from Oasis is unequivocally contingent upon the individual Plaintiff's recovery from his or her legal claim against a third party.

Rather, Plaintiffs seize upon the Ruth court's discussion of an argument raised by the plaintiffs therein that the contingent repayment obligation in their financing agreements was illusory. In Ruth the plaintiffs argued that because Cherokee Funding only makes loans when the risk that the contingency will fail to arise is "close to null," the contingency is a sham, i.e., an attempt to evade the usury laws. Ruth, 820 S.E.2d at 710-11. The Georgia Supreme Court stated:

> It is easy to imagine an agreement with a sham contingent repayment provision that reflects an attempt to evade the usury laws. And a court properly presented with a claim that a contingent repayment provision is a sham should look beyond the text of the agreement to "penetrate to the substance" and perhaps find an unlawful loan, notwithstanding the contingency.

Id. (quoted source omitted). The Georgia Supreme Court, however, found that the Ruth plaintiffs' complaint did not allege that the contingencies in the financing agreements were illusory; thus, the complaint failed to state a claim under the PLA or GILA. Id. at 711.

In this case, Plaintiffs seek to amend the PLA claim in their complaint to allege that the repayment obligation of the Oasis Agreements is illusory because Oasis never, or virtually never,

6

bore any risk of non-repayment.³ In support of their illusory contention, Plaintiffs provide the affidavit of Dr. John Douglas Cook, a mathematician, who purports to demonstrate to the Court that the probability of Oasis losing money on just over 50 of these Agreements with similarly situated plaintiffs is so slight that for the large number of Agreements Oasis actually enters into, "the risk of losing money on them in the aggregate is infinitesimally small." (See Cook Aff. ¶ 7, Ex. A to Pls.' Resp. to Mot. for J. on the Pleadings, Doc. No. 64.) Stated another way, Plaintiffs allege that Oasis's exorbitant interest rate was high enough that the effective risk of loss is zero. (See Proposed Second Am. Compl., Doc. No. 59-1, ¶ 51 (alleging Oasis "cannot lose money in the aggregate, as any loss on an individual claim will have no impact on the overarching scheme").)

---

³ Plaintiffs also seek to dismiss their GILA claim, but add a claim for violation of O.C.G.A. § 44-12-24. Section 44-12-24 prohibits the assignment of rights of action for personal torts. Here, in their proposed Second Amended Complaint, Plaintiffs assert in conclusory fashion that the Oasis Agreements assigned some or all of their rights of actions for personal torts to Oasis; thus, the Agreements are illegal and void *ab initio*. The Agreements, however, explicitly state that Oasis is not entitled to any control over Plaintiffs' personal injury claims. (See Proposed Second Am. Compl., Doc. No. 59-1, Exs. B & C, ¶¶ 2.2, 2.5; Exs. D-G, ¶¶ 3.2, 4.1.) Rather, the Agreements only grant Oasis an interest in the proceeds of their claims. Georgia courts have held that this is not sufficient to violate Section 44-12-24. See, e.g., Sheppard v. State Farm Fire & Cas. Co., 475 S.E.2d 675, 676 (Ga. Ct. App. 1996); Santiago v. Klosik, 404 S.E.2d 605, 606 (Ga. Ct. App. 1991); Shook v. Pilot Life Ins. Co., 373 S.E.2d 813, 815 (Ga. Ct. App. 1988). The Agreements simply do not constitute illegal assignments of personal injury claims and an amendment to add such claim would be futile.

The problem with Plaintiffs' aggregation argument is that this Court is obligated to evaluate the adequacy of the PLA claim with respect to each individual Plaintiff, that is, on a transaction-by-transaction basis. In doing so, the Court cannot conclude, and there are no allegations, that the repayment contingency in an individual Agreement is illusory. The overall profitability of Oasis's business notwithstanding, Oasis bore a real risk with regard to each Plaintiff in this case that it would receive nothing if that Plaintiff recovered nothing for the personal injury claim. Not only does Dr. Cook concede this point in his affidavit, noting that there are a number of individual transactions in which Oasis had not been repaid, but the Georgia Supreme Court noted: "It is unclear whether the outcome of yet-to-be resolved litigation ever can be certain enough to render a contingency based on the result of pending litigation illusory." Ruth, 820 S.E.2d at 711 n.16.

The Court therefore is constrained to conclude that the Ruth decision forecloses Plaintiffs' claims under the PLA and GILA in their First Amended Complaint and the PLA claim in their proposed Second Amended Complaint. The Court must note, however, the passage quoted by the Eleventh Circuit in this case regarding public policy. The Eleventh Circuit observed: "It is the duty of all courts of justice to keep their eye steadily up on the interests of the public, . . . and when they find an action is founded up on a claim injurious to the public . . . to give no

8

countenance or assistance *in foro civili*." Davis v. Oasis Legal Fin. Operating Co., 936 F.3d 1174, 1176 (11th Cir. 2019). Here, the Georgia Supreme Court may have abdicated this responsibility in the Ruth case when it failed to find "any meaningful distinction between a 'contract requiring repayment' [under the GILA] and an agreement pursuant to which 'funds are advanced to be repaid' [under the PLA]." See Ruth, 820 S.E.2d at 710. Nevertheless, this Court will apply Ruth as it must.

## IV. CONCLUSION

Upon the foregoing, Defendants' motion for judgment on the pleadings (doc. no. 56) is hereby **GRANTED**. Plaintiffs' motion for leave to amend their complaint (doc. no. 59) is **DENIED**. The Clerk is directed to **CLOSE** this case, terminating all deadlines and motions, and **ENTER JUDGMENT** in Defendants' favor.

**ORDER ENTERED** at Augusta, Georgia, this 24th day of January, 2020.

_____
UNITED STATES DISTRICT JUDGE