FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
20 MAR 31 PM 3:46
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

LIZZIE DAVIS; PAMELA DAVIS; \
DENNIS GREEN; JOHNNY MOODY; JOHN \
SUBER; and SHIRLEY WILLIAMS, \
Individually and on Behalf of \
all Others Similarly Situated,

 Plaintiffs,

v.   CV 317-022

OASIS LEGAL FINANCE OPERATING \
COMPANY, LLC; OASIS LEGAL \
FINANCE, LLC; and OASIS LEGAL \
FINANCE HOLDING COMPANY, LLC,

 Defendants.

# O R D E R

Upon remand from the Eleventh Circuit Court of Appeals, the Court granted Defendants' motion for judgment on the pleadings based upon an intervening case decided by the Georgia Supreme Court – Ruth v. Cherokee Funding, LLC, 820 S.E.2d 704 (Ga. 2018). The Ruth court held that financing agreements similar to the ones at issue here did not involve "loans" because repayment was contingent upon successful resolution of the plaintiffs' personal injury lawsuits. Id. at 709-10. Thus, Georgia's Payday Lending Act ("PLA") and Georgia Industrial Loan Act ("GILA") did not apply. In applying Ruth to the case at bar, the Court determined that Plaintiffs' claims under the PLA and

GILA are not cognizable. (See Order of Jan. 24, 2020, Doc. No. 72.) The Court additionally denied Plaintiffs' motion to amend the complaint to add a claim that the financing agreements constitute illegal assignments of personal injury claims under Georgia law. (Id. at 7 n.3.)

At present, Plaintiffs have filed a motion for reconsideration. A motion for reconsideration filed within thirty (30) days of the entry of judgment is considered under Federal Rule of Civil Procedure 59(e). "The only grounds for granting a rule 59(e) motion are newly discovered evidence or manifest error of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007). A Rule 59(e) motion is not intended as a vehicle to re-litigate old matters, raise new arguments or present evidence that could have been raised prior to the entry of judgment. Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005).

Here, Plaintiffs have not presented any new evidence or advanced any new argument that has not already been considered and rejected by this Court. The Court's legal conclusions were founded upon clear and controlling Georgia case law. Plaintiffs' reconsideration grounds do nothing to contravene or undermine these legal conclusions. In short, Plaintiffs have presented no reason to disturb the Court's decision to dismiss their case.

Accordingly, Plaintiffs' motion for reconsideration (doc. no. 74) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 31st day of March, 2020.

_____
UNITED STATES DISTRICT JUDGE